NOTICE

Decision filed 07/23/26. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2026 IL App (5th) 250430-U

NO. 5-25-0430

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

| | | |
|---|---|---|
| JAMIE McCAIN, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Madison County. |
| | ) | |
| v. | ) | No. 24-MR-360 |
| | ) | |
| THE CITY OF GRANITE CITY, | ) | Honorable |
| | ) | Ronald J. Foster Jr., |
| Defendant-Appellee. | ) | Judge, presiding. |

JUSTICE BOLLINGER delivered the judgment of the court.
Presiding Justice Cates and Justice Vaughan concurred in the judgment.

**ORDER**

¶ 1    *Held*:  Where a municipality's ordinances established an administrative system for adjudicating ordinance violations, and the municipality did not comply with its own requirements for service of a complaint, its administrative body lacked personal jurisdiction over plaintiff. The "finding, decision, and order of default" against her was, therefore, void *ab initio*, and we reverse both that decision and the judgment of the circuit court denying plaintiff's petition for administrative review.

¶ 2    This appeal arises under the Administrative Review Law (735 ILCS 5/3-101 *et seq.* (West 2022)). At issue is the personal jurisdiction of an administrative body set up by defendant, the City of Granite City, to adjudicate ordinance violations. Plaintiff, Jamie McCain, appeals *pro se* the judgment of the circuit court of Madison County denying her petition for administrative review challenging a "finding, decision, and order of default" in which she was found liable for an ordinance violation after failing to appear for a hearing. Plaintiff argues that defendant (1) failed

1

to establish personal jurisdiction over her due to inadequate service of process, thereby rendering its decision void; (2) violated her right to due process by failing to rule on her motion challenging jurisdiction; and (3) acted outside its authority in attempting to enforce the default finding while her petition for administrative review was pending in the circuit court. She further contends that the circuit court abused its discretion in granting defendant's motion for an extension of time to file its answer and denied her equal protection of law by holding her to stricter procedural standards than defendant. For the reasons that follow, we reverse the judgment of the circuit court and the administrative decision.

¶ 3                                    I. BACKGROUND

¶ 4     On September 6, 2024, defendant sent plaintiff letters notifying her that her property was in violation of three local ordinances—section 8.28 of the City of Granite City Code of Ordinances (Granite City Code) (grass and weeds), section 8.34 (junk, trash, and debris), and section 8.39 (limbs and brush). Granite City Code § 8.28 (adopted 1982), § 8.34 (adopted 1978), § 8.39 (adopted 1985). The letters informed plaintiff that she had until September 23, 2024, to cure these violations.

¶ 5     On September 26, 2024, defendant issued a complaint notifying plaintiff that she remained in violation of section 8.34 and giving her notice to appear at a hearing on the complaint on November 4, 2024. A certificate of service states that a copy of the complaint was served on plaintiff by first-class mail.

¶ 6     On October 28, 2024, plaintiff sent a "Motion to Quash Service" to City Hall by certified mail. It was addressed to Officer Tony Merza of the Inspection Department, who was listed on the complaint as the issuing officer. Plaintiff argued in her motion that service was defective because she was not served personally and that, as such, the "court" lacked personal jurisdiction over her.

2

In support of her contention that personal service was required, plaintiff cited section 2-203 of the Code of Civil Procedure (735 ILCS 5/2-203 (West 2022)).

¶ 7 Plaintiff did not appear at the scheduled hearing on November 4, 2024. As a result, defendant's administrative law officer (ALO) issued a "finding, decision, and order of default" that day finding liability by default for the ordinance violation and ordering plaintiff to pay a fine of $575 and costs of $25 by December 4, 2024.

¶ 8 On December 6, 2024, plaintiff filed the *pro se* petition at issue in this appeal. Plaintiff styled her petition as an "Affidavit" and "Appeal of Default Judgment Due to Improper Service, Lack of Jurisdiction, and Due Process Violations," and has referred to the circuit court proceedings as an "appeal." However, the petition was, in substance, a complaint for administrative review. Indeed, plaintiff stated in her petition that it was brought pursuant to the Administrative Review Law (735 ILCS 5/3-101 *et seq.* (West 2022)) and, in a letter accompanying the petition, she referred to it as a petition for administrative review. She argued that defendant's complaint for the ordinance violation did not comport with the requirements for service of process and was, therefore, ineffective to establish personal jurisdiction. She alleged that she did not waive service. Plaintiff further argued that defendant violated her due process rights by ignoring her motion to quash service.

¶ 9 On January 13, 2025, defendant's ALO issued another "finding, decision, and order of default," again finding plaintiff liable by default for a violation of section 8.34 of the Granite City Code (junk, trash, and debris). Granite City Code § 8.34. She was ordered to pay a fine of $575 and costs of $25 by February 13, 2025. Defendant sent plaintiff a notice of the "finding, decision, and order of default," the following day.

3

¶ 10    On January 21, 2025, defendant filed a motion for an extension of time to file an answer to plaintiff's complaint. Defendant requested up to February 11, 2025, to respond.

¶ 11    On February 10, 2025, plaintiff filed three pleadings with the circuit court. The first of these was a motion to notify the court of a "new municipal default judgment," with a copy of the January 13 "finding, decision, and order of default" attached as an exhibit. She also filed an objection to defendant's request for additional time to file its answer, arguing that defendant's motion failed to show good cause for the requested extension. Finally, plaintiff filed another petition for administrative review, this time seeking review of the January 13 "finding, decision, and order of default." In it, plaintiff argued that (1) the decision was void for lack of personal jurisdiction because she did not waive proper service; (2) defendant violated her right to due process by failing to provide her with proper notice of the hearing held on January 13, 2025; (3) defendant lacked jurisdiction "to enter a new judgment" while her "appeal" was pending; (4) the default order against her lacked a factual basis; and (5) the circuit court must construe her pleadings liberally due to her status as a *pro se* litigant.

¶ 12    On February 11, 2025, defendant filed an amended motion for an extension of time, arguing that the extension was necessary due to plaintiff's filing of a second or amended petition. Defendant requested an extension to February 21, 2025, to file its answer.

¶ 13    On February 21, 2025, the matter came for a hearing on defendant's motion for an extension of time. On the same date, the circuit court entered an order granting defendant's motion and setting the matter for oral argument on May 16, 2025. In addition, the court directed defendant to file the administrative record by February 21, 2025, and to file its brief by March 24, 2025. The court ordered plaintiff to file her brief by April 23, 2025.

4

¶ 14    On February 21, 2025, defendant filed an answer to plaintiff's complaint, stating that its answer "consist[ed] of the attached record of proceedings." The attached record included copies of the September 6, 2024, letters informing plaintiff of three ordinance violations; the September 26, 2024, complaint; photographs of plaintiff's yard showing the remaining debris; the "finding, decision, and order of default" issued on November 4, 2024; and the "finding, decision, and order of default" issued on January 13, 2025.

¶ 15    On March 24, 2025, defendant filed its brief. Addressing plaintiff's claim that service was improper, defendant argued that a notice to appear is adequate to initiate an action to enforce an ordinance not involving a jail sentence. As such, defendant argued, a complaint and summons were not required, as they would be to initiate a civil proceeding in the circuit court. As to plaintiff's claim that defendant lacked jurisdiction, defendant noted that while the concept of jurisdiction is not strictly applicable in administrative proceedings, the Illinois Municipal Code gives municipalities the authority to pass ordinances and make rules and regulations to enforce them, as defendant did here. Regarding plaintiff's due process argument, defendant noted that in the context of administrative proceedings, due process requires only a "definite charge," impartial rulings, an opportunity to be heard, and the right to cross-examine any adverse witnesses. Defendant argued that these requirements were satisfied where plaintiff was notified which ordinance she violated and given notice of the November 4, 2024, hearing.

¶ 16    On May 9, 2025, plaintiff filed her brief along with a "Motion to File Late Brief (if Late)." In her motion, plaintiff alleged that she did not receive notice of any deadline for filing her brief. In her brief, she argued that (1) the form of the complaint and notice to appear did not satisfy the requirements of Illinois Supreme Court Rule 572 (eff. June 3, 2025) and section 2-201 of the Code of Civil Procedure (735 ILCS 5/2-201 (West 2022)); (2) defendant sent the complaint by first-

5

class mail rather than providing personal service or service by certified mail; (3) defendant exceeded its jurisdiction by attempting to enforce the default order while her "appeal" was pending; (4) defendant violated due process by ignoring her motion to quash service; and (5) the circuit court's decision to grant defendant's request for an extension of time to file its responsive pleadings without good cause shown resulted in prejudice to plaintiff. Attached as an exhibit was a letter dated April 14, 2025, informing plaintiff that defendant had an enforceable judgment against her in the amount of $600 and that failure pay that amount "may result" in various penalties, including a lien on her property.

¶ 17 On May 19, 2025, the circuit court entered a written order denying plaintiff's petition for administrative review. The court found that defendant properly served plaintiff with notice to appear pursuant to Illinois Supreme Court Rule 572 (eff. June 3, 2025), which mandates only a notice to appear for actions to enforce ordinance violations where no jail term is involved. The court further found that defendant acted pursuant to the authority granted to it under section 1-2-1 of the Illinois Municipal Code (65 ILCS 5/1-2-1 (West 2022)), and that, as such, it had jurisdiction for purposes of enforcing its ordinance. Finally, the court found that defendant did not run afoul of the requirements of due process where plaintiff had notice of the hearing and an opportunity to be heard.

¶ 18 On May 21, 2025, plaintiff filed a timely *pro se* notice of appeal. On the same date, she filed an "Emergency Motion to Stay Enforcement and Vacate Lien Pending Appeal." She asked the circuit court to stay enforcement of the judgment against her and to vacate any lien defendant might have recorded. The circuit court denied that motion on June 20, 2025.

¶ 19                              II. ANALYSIS

¶ 20    On appeal, plaintiff argues that (1) defendant lacked personal jurisdiction over her due to inadequate service, thereby rendering its decision against her void; (2) defendant violated her right to due process by failing to rule on her motion to quash service; (3) the circuit court erred in granting defendant's motion for an extension of time to file its answer with no showing of good cause; (4) enforcement of the "finding, decision, and order of default" while plaintiff's "appeal" was pending "was improper and void"; and (5) the circuit court violated her right to equal protection of law by treating her differently, as a *pro se* litigant, than it treated defendant. We find that defendant's Ordinance Enforcement Department, the administrative body it established to adjudicate ordinance violations, failed to follow defendant's procedural rules for service of the notice of ordinance violation and therefore lacked personal jurisdiction over plaintiff. Because this conclusion is dispositive, we need not address plaintiff's remaining contentions.

¶ 21    In proceedings under the Administrative Review Law, the appellate court reviews the decision of the administrative agency, not that of the circuit court. *Exelon Corp. v. Department of Revenue*, 234 Ill. 2d 266, 272 (2009). Our standard of review depends on whether the case involves questions of fact, questions of law, or mixed questions of fact and law. *Id.* The factual findings of an administrative agency are deemed to be "*prima facie* true and correct." 735 ILCS 5/3-110 (West 2022). Therefore, we review the agency's findings of fact to determine whether they are against the manifest weight of the evidence. *Exelon Corp.*, 234 Ill. 2d at 272. However, the agency's conclusions on issues of law are subject to *de novo* review. *Id.* at 273. A mixed question of fact and law involves the application of an undisputed rule of law to established facts where the issue is whether those facts satisfy or violate the applicable rule of law. *Cinkus v. Village of Stickney Municipal Officers Electoral Board*, 228 Ill. 2d 200, 211 (2008). We review mixed questions of

7

fact and law under the "clearly erroneous" standard. *Id.* An administrative decision is clearly erroneous if it leaves the reviewing court with a " 'definite and firm conviction that a mistake has been committed.' " *AFM Messenger Service, Inc. v. Department of Employment Security*, 198 Ill. 2d 380, 395 (2001) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).

¶ 22    Plaintiff argues that "the tribunal" lacked personal jurisdiction over her due to inadequate service. There are two components to this contention. First, plaintiff contends that defendant's complaint failed to satisfy the requirements of Illinois Supreme Court Rule 573 (eff. Dec. 7, 2011) and section 2-203 of the Code of Civil Procedure (735 ILCS 5/2-203 (West 2022)), which require personal service or service by certified mail. She argues that service by regular first-class mail is insufficient. See *In re Abandonment of Wells Located in Illinois by Leavell*, 343 Ill. App. 3d 303, 308 (2003) (*Leavell*) (finding that, where the legislature requires personal service or service by certified mail, it "clearly did not intend the simple dispatch of a letter to be sufficient"). The second component of plaintiff's claim is that the complaint was "defective and insufficient to initiate proceedings" because it did not contain certain language required by Illinois Supreme Court Rule 572 (eff. June 3, 2025). Before addressing these contentions, we must briefly consider which rules apply to the proceedings on defendant's complaint alleging an ordinance violation.

¶ 23    When ordinance violations are prosecuted in the circuit court, the provisions of the Code of Civil Procedure and supreme court rules generally apply to the proceedings. Ill. S. Ct. R. 571 (eff. Dec. 7, 2011). Rules 572 and 573, cited by plaintiff, govern service of notice in court cases involving ordinance violations. Ill. S. Ct. R. 572 (eff. June 3, 2025); Ill. S. Ct. R. 573 (eff. Dec. 7, 2011). However, the Illinois Municipal Code allows cities to set up administrative systems for adjudicating ordinance violations. 65 ILCS 5/1-2.1-2 (West 2022). That is what defendant did here. Chapter 2.86 of the Granite City Code establishes the Ordinance Enforcement Department

and sets forth rules governing the procedures it is to follow. See Granite City Code § 2.86.010 *et seq.* In administrative proceedings, the provisions of the Code of Civil Procedure are generally not applicable. *Village of South Elgin v. Pollution Control Board*, 64 Ill. App. 3d 565, 570 (1978). Thus, proper service is governed by the ordinances setting forth the procedures to be followed in proceedings before defendant's Ordinance Enforcement Department. We turn our attention to those provisions.

¶ 24    The Granite City Code provides for service of a notice of an ordinance violation in any of the following four ways: (1) handing the notice to the person responsible for the violation; (2) leaving the notice with any person at least 12 years old at the residence of the person responsible; (3) mailing the notice by certified mail, with receipt requested; or (4) posting the notice on the property where the violation occurred. Granite City Code § 2.86.050(A)(2) (added 1998). Here, as discussed, defendant certified that it served the complaint notifying plaintiff of the violation by regular first-class mail. We note that defendant's notice of ordinance violation contains a certificate of service that specifically lists "1st Class Mail" as one of the service options. This method of service does not comport with the requirements in defendant's own ordinance governing service.

¶ 25    The Granite City Code also requires a violation notice to contain certain information, including the fine and any penalties for late payment, as well as the penalties for failure to attend the hearing to adjudicate the violation. *Id.* § 2.86.040(D)(5), (7). The complaint notifying plaintiff of the violation did not contain this information. Thus, the form of the complaint likewise failed to comply with defendant's own requirements.

¶ 26    In arguing to the contrary, defendant calls our attention to section 2.86.070 of the Granite City Code, which provides that "[u]pon failure of the person receiving a notice of a violation of a

9

city ordinance *** to appear at the time and date designated for a hearing ***, the ordinance enforcement administrator shall send or cause to be sent notices by first class mail." *Id.* § 2.86.070. Defendant contends that, pursuant to this ordinance, service by regular first-class mail was sufficient because plaintiff failed to appear for the hearing on the violation. We disagree. By its express terms, the ordinance applies after a defendant fails to appear at an initial hearing; it does not apply to notice to appear at the initial hearing which is at issue here.

¶ 27 Defendant further contends that the form of the notice satisfied Rule 572, which provides that where an ordinance violation does not carry penalties including a possible jail sentence, a prosecution for the violation may be initiated by a notice to appear or a complaint that satisfies the requirements of Rule 552. Ill. S. Ct. R. 572 (eff. June 3, 2025). Rule 552 applies to uniform citation and complaint forms adopted by circuit courts. Ill. S. Ct. R. 552 (eff. Sept. 18, 2023). Defendant does not allege that it used such a form here. Instead, defendant argues that by issuing a complaint containing a notice to appear, it complied with Rule 572. There are two flaws in this argument. First, as plaintiff correctly contends, Rule 572 also expressly requires certain statements that were not included in the complaint defendant issued here, such as the steps a person can take to avoid an otherwise-mandatory court appearance and a statement indicating that a party may demand a jury trial. Ill. S. Ct. R. 572(a)(5), (6) (eff. June 3, 2025). Moreover, as we have already discussed, Rule 572 governs prosecutions of ordinance violations *in the circuit court*; administrative proceedings before defendant's Ordinance Enforcement Department are subject to the requirements of the pertinent provisions of the Granite City Code. The form of the complaint issued to plaintiff does not satisfy those requirements.

10

¶ 28    For these reasons, we find that both the form of the complaint and the method of service failed to satisfy defendant's own requirements. We must next determine whether these flaws were jurisdictional.

¶ 29    Although the concept of jurisdiction "is not strictly applicable to an administrative body," the term is nevertheless used to delineate the administrative body's authority to act. *Armstead v. Sheahan*, 298 Ill. App. 3d 892, 894-95 (1998). In administrative proceedings, an agency has authority to act when it has (1) personal jurisdiction over the parties, (2) subject matter jurisdiction over the class of cases involved, and (3) acts within the scope of its authority as prescribed by statute. *Id.* at 895. The "jurisdiction" of an administrative body is analogous to that of a court of limited jurisdiction. *Newkirk v. Bigard*, 109 Ill. 2d 28, 36 (1985). This is because administrative bodies like defendant's Ordinance Enforcement Department "possess no inherent or common law powers." *Leavell*, 343 Ill. App. 3d at 306. Rather, their authority is "provided strictly by statute" or, as in this case, by ordinance. *Id.*

¶ 30    The notice requirements of an administrative body's enabling legislation are "jurisdictional prerequisites" that must be followed for the administrative body to exercise personal jurisdiction over a party. *Stone Street Partners, LLC v. City of Chicago Department of Administrative Hearings*, 2017 IL 117720, ¶ 36; *Leavell*, 343 Ill. App. 3d at 307. Where these notice requirements mandate personal service or service by certified mail, as the pertinent provision of the Granite City Code does, "the simple dispatch of a letter" by first-class mail is not sufficient. *Leavell*, 343 Ill. App. 3d at 308. Because defendant failed to comply with the notice requirements of the Granite City Code, its Ordinance Enforcement Department lacked personal jurisdiction over the plaintiff, and its "finding, decision, and order of default" was thus void *ab initio*. See *Stone Street Partners*,

11

2017 IL 117720, ¶ 36. Because we must reverse on this basis alone, we need not address the remainder of plaintiff's contentions.

¶ 31                                    III. CONCLUSION

¶ 32    For the foregoing reasons, we reverse the judgment of the circuit court and the decision of the Ordinance Enforcement Department.


¶ 33    Reversed.